And good morning, Counsel. Our first case this morning is In Re Grand Jury Subpoena. Mr. Stipik, can you hear me? Yes, I can, Your Honor. Can you hear me? Yes, I can. And Ms. Yowell, can you hear me? I can hear you, Your Honor. Can you hear me? Yes, that sounds great. You may proceed, Mr. Stipik. Thank you, Your Honor. Good morning. My name is Ryan Stipik of Reinhart-Berner Van Duren, Counsel to the Appellant, and may it please this Honorable Court. This is an appeal of the District Court's order compelling Appellant to produce tens of thousands of emails and other electronically stored documents and information, or ESI, that are not responsive to a grand jury subpoena. In entering the compulsion order, the District Court granted the government unprecedented search authority in the subpoena context, conferring search warrant-like powers to the government without requiring the showing to obtain a warrant. This is because the District Court prohibited the review of the documents that hit on the compelled search terms, thus non-responsive business records, and even other documents related to things like employee weddings, vacations, and funerals, cannot be withheld from the production to the government. Instead, in this case, and in all future cases if the District Court's decision is affirmed, the government may take all of the search hits back to their offices, rummage through them at their convenience, and only then separate the responsive materials from the non-responsive. That looks and sounds like a search warrant ESI process, because it is. It's well established that the Fourth Amendment protects a business's privacy interests in order to protect the freedom of those associated with it. The District Court disregarded that interest in permitting the government to sweep up non-responsive materials along with the responsive.